<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EVERSON FRANCIS,<br><br>  Plaintiff,<br><br>  v.<br><br>SIXT CAR RENTAL *et al.*,<br><br>  Defendants. | No. 25cv18217 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Everson Francis bring federal and common law claims against sixteen defendants, including Sixt Car Rental/Sixt SE ("Sixt"), the Florham Park Police Department ("FFPD"), FFPD Officer Brian Ford, FFPD Chief Joseph Orlando, FFPD Sergeant Thomas Ciasullo, the Port Authority of New Jersey and New York Police Department ("PAPD") Officer Anthony Cutrone, PAPD Chief Edward Cetnar, New Jersey Union County Government, Elizabeth Municipal Court Clerk's Office, Florham Park Municipal Court Clerk's Office, Union County Judicial Officer Maryluz Schelhorn, Morris County Prosecutor's Officer, Essex County Prosecutor's Office, Essex County Corrections, Union County Corrections, and unnamed defendants.  D.E. 5 ("Complaint" or "Compl.") at 1.[1]  Plaintiff also seeks to proceed *in forma pauperis* ("IFP").  D.E. 1-1 ("IFP Application").

Because Plaintiff demonstrates financial need, the Court will **GRANT** Plaintiff's IFP Application.  The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  For

---

[1] Plaintiff filed a complaint at D.E. 1 that merely says the "Complaint will be filed."  D.E. 1 at 1. Plaintiff then filed his Complaint at D.E. 5.

the reasons explained below, the Court will **DISMISS** Plaintiff's Complaint **in part** *with prejudice* and **in part** *without prejudice*.

I.      **BACKGROUND**

A.      **Factual Background**

As best as the Court can discern, Plaintiff rented a vehicle from Sixt and failed to timely return it because Plaintiff needed the vehicle to (1) take his mother to the hospital for cancer treatment, heart failure treatment, and surgery; (2) appear in New Jersey Superior Court over allegations that he and his daughter were being abused by her mother; (3) take care of his daughter whose tongue had been severed, sewn back on, and then infected by a flesh eating bacteria; and (4) see his father who was suffering from kidney failure, heart failure, and stroke, and who passed away while in the hospital.  Am. Compl. at 3.

It appears that Plaintiff attempted to contact Sixt to explain his reasons for the untimely return and to offer payment for the extra days he kept the vehicle.  *Id.* at 3–4.  Plaintiff alleges that Sixt threatened to report the vehicle as stolen.  *Id.*  Plaintiff alleges this caused him severe emotional distress and that the criminal threats amounted to "death, false imprisonment, false light, defamation, intrusion into seclusion, et cetera."  *Id.* at 4.

Plaintiff next alleges that Officer Cutrone then violated Plaintiff's constitutional rights by requesting a warrant for Plaintiff's arrest and that Judicial Officer Schelhorn violated Plaintiff's constitutional rights by signing off on it.  *Id.*  Officer Cutrone's unlawful conduct also apparently caused Officer Ciasullo to point a firearm at Plaintiff and threatened to kill him.  *Id.*  Plaintiff alleges this conduct made him apprehensive and amounted to assault, battery, and false imprisonment.  *Id.*  Plaintiff states that because of this arrest warrant, he was unable to take his mother to the hospital for urgent cancer treatment and was unable to see his father, who passed

2

away while asking to see Plaintiff. *Id.* at 4–5. Plaintiff alleges that his father passed away from stroke and brain injuries. *Id.* He also alleges that Defendants killed him. *Id.*

It appears that Plaintiff then filed some kind of internal affairs complaint against Officer Ciasullo. *Id.* at 5. Plaintiff alleges that in retaliation for this complaint, Officer Ford falsely charged Plaintiff with being in possession of stolen property (with reference to the vehicle Plaintiff rented from Sixt). *Id.* At some point, the arrest warrant was executed and Plaintiff was jailed for some time between twelve hours and four days.[2] *See id.* at 4–5. During this time, it appears that the charges against Plaintiff were sometimes handled by Union County and sometimes handled by Elizabeth County. *Id.* at 5. Plaintiff alleges that Defendants are "working together to inflict maximum pain and suffering to [him]." *Id.*

It also appears that Plaintiff appeared in Elizabeth municipal court at some unspecific time, and while there, Officer Cutrone called him over to talk to him. *Id.* Plaintiff refused to walk over and told Officer Cutrone that he did not want to interact with him. *Id.* Plaintiff states that Officer Cutrone then "intruded into [his] personal space," assaulted and battered him by hitting his hand and making "spit enter [his] face." *Id.* Plaintiff states that these events caused him to fear for his life and caused him to want to leave quickly to "get away from the danger Anthony Cutrone ha[d] planned for [him]." *Id.*

Plaintiff also alleges that Officer Cutrone is receiving bribes from Sixt to report stolen vehicles and that he is sleeping with the employees from Sixt that appeared in Elizabeth municipal court. *Id.* at 5–6. Plaintiff further complains that the Elizabeth municipal court ignored each of his motions. *Id.* at 6.

**B.    Procedural Background**

---

[2] Plaintiff's Complaint is not clear.

Plaintiff brings several claims against all Defendants:  (1) a § 1983 claim under the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments; (2) a claim for assault and battery against all Defendants; (3) a false imprisonment claim against all Defendants; (4) an intentional infliction of emotional distress claim; (5) an "intrusion into seclusion" claim; (6) a false light claim; (7) a defamation claim against all Defendants; and (8) an interference with economic advantage claim against all Defendants.  *Id.* at 6–19.  Plaintiff also brings a separate § 1983 claim under the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments against those Defendants who are municipal entities and a breach of contract claim against Sixt.  *Id.*  Plaintiff requests $20 million in damages, punitive damages, the dismissal of all criminal charges against him, an injunction to stop Defendants from asking him for money, and an injunction to stop car rental companies from reporting vehicles as stolen when they are untimely returned.  *Id.* at 19–20.

The Court notes that since filing his Complaint, Plaintiff has filed numerous emergency letters on the Court's docket stating that he faces imminent death.  *See, e.g.*, D.E. 16 at 1 ("I WILL BE KILLED. Urgently /s/ Everson Francis"); D.E. 19 at 1 ("I am going to be killed–HELP ME!"); D.E. 19 (same); D.E. 20 at 1 ("As the investigation reveals, they are planning more vindictive persecution, false imprisonment, and murder of Everson Francis.  I AM BEGGING FOR HELP. SAVE MY LIFE."); D.E. 25 at 12 ("Brian Ford is going to kill me.").  Plaintiff's filings are difficult to understand and many of his complaints appear irrelevant to the claims he attempts to bring.  *See, e.g.*, D.E. 25 at 2 (complaining that a Chinese food restaurant "fries its chicken to[o] hard, thinking hard means crispy. No[,] hard and crispy are different things").

The FFPD prematurely appeared and filed a motion to dismiss.  D.E.  21.  The Court administratively terminated the motion as premature, but Plaintiff filed two motions to strike the FFPD's motion to dismiss and a motion to expedite this Court's consideration of his IFP

Application.  D.E. 23 ("First Motion to Strike");[3] D.E. 27 ("Motion to Expedite"); D.E. 28 ("Second Motion to Strike").  In these latest filings, Plaintiff indicates that he is in the middle of a criminal trial or has just recently concluded one.  *See, e.g.*, D.E. 25 at 1 ("The prosecutor's witness . . . testified in court on March 25, 2026 and over 90% of everything she stated was inaccurate."); Motion to Expedite at 3 ("Judge Gerald Scala stated that there is no defense to returning the vehicle late, it is a theft for doing so, he literally said this, today and before . . . .").  It is not clear from Plaintiff's filings what the outcome of this court proceeding was.

## II.    LEGAL STANDARD

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, or asserts a claim against a defendant immune from monetary relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[3] This Court denied Plaintiff's First Motion to Strike as moot.  D.E. 26.

5

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  Accordingly, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

## III.    ANALYSIS

### A.    Plaintiff's IFP Application

In his IFP Application, Plaintiff declares that he has no monthly income, has three children, and is unable to work.  IFP Application at 1–5.  Because Plaintiff demonstrates financial need, the Court will **GRANT** his IFP Application.

### B.    Plaintiff's Complaint

Even making every reasonable inference in Plaintiff's favor, Plaintiff's allegations do not give rise to any plausible claim against Sixt.  Plaintiff admits he kept the vehicle from Sixt and that Sixt warned him that it would report the vehicle stolen if he did not return it.  Plaintiff still did not return it.  Based upon Plaintiff's allegations, there is nothing actionable about Sixt's subsequent report to the police that Plaintiff had stolen the vehicle.  *See, e.g.*, *Deutsch*, 67 F.3d at 1091–92 (holding that a suit alleging that prison officials took an inmate's pen and refused to give it back was frivolous). Because there is no merit to Plaintiff's claim against Sixt, the Court will **DISMISS** this action under Sixt *without prejudice*.

Nor does there appear to be anything actionable about the execution of the warrant for Plaintiff's arrest.  Plaintiff was charged with theft of a motor vehicle under N.J. Stat. Ann. § 2C:20-

10.1A.   *See State of New Jersey v. Francis*, Crim. No. 2500797, Complaint.   By his own allegations, Plaintiff appears to admit to taking the vehicle without authorization despite Sixt's warnings that he needed to return it or that it would report the vehicle as stolen.   Based upon the Court's "judicial experience and common sense," there appear to be clear grounds for the execution of the warrant against Plaintiff.   *See Cooper v. McCollum*, 40 F. Supp. 3d 396, 403 (D. Del. 2014).   Plaintiff's allegations that he believed he was committing an "efficient breach of contract" does not render the execution of a warrant unconstitutional.   The Court will therefore **DISMISS** any claims based upon the execution of the aforementioned warrant ***without prejudice***.

Moreover, judicial officers have absolute immunity for their judicial acts.   *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009).   Prosecutors enjoy absolute immunity for work that is "intimately associated with the judicial phase of the criminal process" as well.   *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).   Plaintiff's claim against judicial officers and prosecutors are therefore barred and warrant dismissal under § 1915(e)(2)(B).   To the extent Plaintiff challenges judicial actions taken by judicial officers and the actions any prosecutors have taken in preparation for judicial proceedings, the Court will therefore **DISMISS** such claims ***with prejudice***.

Next, Plaintiff's allegations violate Federal Rule of Civil Procedure 8 because he relies on improper group pleading.   Plaintiff pleads nearly all of his claims against all Defendants but each claim lacks specificity as to what each of the named sixteen Defendants did.   For example, in Plaintiff's first cause of action, he states that all "acts were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual or apparent authority attendant thereto, or as agents of the police or government."   Compl. at 8.   He further states that the acts deprived him of "rights, priveleges [*sic*], and immunities guaranteed to everyone

7

in the US by the first fourth, 5th, 6th, 7th, and 8th, and 14th amendment[s] to the constitution of the United States of America, and in violation of 42 U.S.C. section 1983." *Id.* These allegations fall woefully short of putting Defendants on fair notice of what claims Plaintiff seeks to bring against each Defendant. The Court will therefore **DISMISS** Plaintiff's claims *without prejudice* on grounds that they fail to comply with Rule 8.

Finally, given that Plaintiff's filings indicate that he is undergoing a criminal trial based on the potential theft at issue in New Jersey state court, this Court cannot interfere and declare unconstitutional the very events that appear to have led to the currently ongoing criminal trial. *Younger* abstention bars a federal court from interfering when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 51–52 (1971)).

Plaintiff's filings indicate that there are ongoing criminal proceedings. *See* D.E. 25 at 1 ("The prosecutor's witness, Lisa Piscopo, . . . testified in court on March 25, 2026 . . . ."). The state criminal proceedings are judicial in nature, implicate the "important state interest in prosecuting criminal behavior," and offer Plaintiff the opportunity to raise his constitutional claims as defenses to prosecution. *See Jaffery v. Atl. Cnty. Prosecutor's Off.*, 695 F. App'x 38, 40–41 (3d Cir. 2017) (citing *Younger*, 401 U.S. at 51–52). To the extent that Plaintiff's claims would require interference, the Court will therefore also **DISMISS** any such claims *without prejudice* because they are barred by *Younger*.[4] *See Freeman v. McLaughlin*, No. 12-1044, 2012 WL 5405099, at *3 (D.N.J. Nov. 5, 2012).

---

[4] For Plaintiff's benefit, the Court further notes that if he is convicted of theft, a § 1983 claim is not the "appropriate vehicl[e] for challenging the validity of [an] outstanding criminal judgmen[t] . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

### C.    Plaintiff's Other Motions

Because this Court has considered Plaintiff's IFP Application and Complaint, the Court will **DENY** Plaintiff's Motion to Expedite such filings as moot.  The Court will also **DENY** Plaintiff's Second Motion to Strike for the same reasons it denied Plaintiff's First Motion to Strike: the Court already administratively terminate the FFPD's motion to dismiss and the relief Plaintiff seeks is therefore moot.  *See* D.E. 26.

## IV.    CONCLUSION AND ORDER

For the reasons explained above,

**IT IS**, on this **8<u>th</u>** day of April 2026,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-1, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against judicial officers and prosecutors challenging any action taken in preparation for judicial proceedings, such claims are **DISMISSED** *with prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff's other claims are **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff's Motion to Expedite, D.E. 27, is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's Second Motion to Strike, D.E. 28, is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may file a proposed amended complaint within **45 days** to cure the deficiencies identified in this Memorandum Order; and it is further

**ORDERED** that any proposed amended complaint will be subject to this Court's screening pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

9

**ORDERED** that the Clerk of Court shall **REOPEN** this action if the proposed amended complaint passes the Court's screening pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff via regular mail.

Evelyn Padin, U.S.D.J.