**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EVERSON FRANCIS,<br><br>Plaintiff,<br><br>v.<br><br>SIXT CAR RENTAL/SIXT SE, *et al.*,<br><br>Defendants. | No. 25cv18217 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Everson Francis moves for reconsideration of the Court's April 8, 2026 Memorandum Order, D.E. 29 (the "Order"), dismissing his claims following screening under 28 U.S.C. § 1915(e)(2)(B). D.E. 32 ("Motion" or "Mot."). For the reasons below, the Court will **DENY** the Motion.[1]

## I. BACKGROUND

Plaintiff brought this action against Sixt Car Rental/Sixt SE ("Sixt"), several law enforcement officers, judicial and prosecutorial officials, and other defendants. D.E. 5 ("Complaint" or "Compl."). Plaintiff alleges that he rented a vehicle from Sixt but did not return it on time because of family emergencies. *Id.* at 3–4. He contends that he contacted Sixt to explain the delay and offered to pay for the additional rental days, but Sixt reported the vehicle stolen. *Id.* Plaintiff further alleges that after Sixt reported the rental vehicle stolen, law enforcement obtained a warrant for his arrest, officers threatened him at gunpoint, and he was arrested, criminally charged, and detained. Based on these events, Plaintiff asserts constitutional and state law claims against Sixt, the officers involved, and various other defendants. *Id.* at 4–19.

[1] The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b).

On April 8, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* and screened the Complaint pursuant to § 1915(e)(2)(B). Order at 5–6, 9. The Court determined that Plaintiff's allegations did not state a plausible claim against Sixt based on Sixt's report to police that the vehicle was stolen. *Id.* at 6–7. The Court also concluded that judicial officers and prosecutors were entitled to absolute immunity for conduct undertaken in their protected judicial and prosecutorial roles. *Id.* at 7. Separately, the Court found that Plaintiff's largely undifferentiated allegations against multiple defendants did not comply with Federal Rule of Civil Procedure 8, and that claims seeking federal interference with ongoing state criminal proceedings were barred by *Younger v. Harris*, 401 U.S. 37, 51–52 (1971). *Id.* at 7–8.

The Court dismissed with prejudice Plaintiff's claims challenging protected judicial acts and prosecutorial conduct undertaken in preparation for judicial proceedings, and dismissed the remaining claims without prejudice. *Id.* at 9. The Court closed the action but permitted Plaintiff to submit a proposed amended complaint within 45 days to cure the identified deficiencies, subject to further screening. *Id.* at 9–10.

Plaintiff now seeks reconsideration of the Order. *See* Mot. He argues that the Court improperly excused Sixt's allegedly unreasonable police report, asserting that Sixt's online policy permits late vehicle returns upon payment of an additional fee. *Id.* at 1–2. He also challenges the Court's application of judicial and prosecutorial immunity, contending that those doctrines should not protect officials who acted unlawfully in connection with his prosecution. *Id.* at 2–3.[2]

---

[2] On April 16, 2026, Plaintiff also filed an amended complaint, D.E. 33 ("Amended Complaint" or "Am. Compl."), which is not the subject of the present Motion.

## II. DISCUSSION

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 230 (3d Cir. 2020) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Reconsideration under Local Civil Rule 7.1(i) is "an extraordinary remedy that is [to be] granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citation modified).

To succeed on a motion for reconsideration, the party seeking reconsideration must show at least one of these grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence [not previously available]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration may not be used to relitigate matters already argued, nor to raise new arguments that could have been raised before the original decision issued. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) requires a party to "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." Mere disagreement with the Court's decision is not a proper basis for reconsideration; such disagreement belongs in the ordinary appellate process. *Bowers*, 130 F. Supp. 2d at 612.

Here, Plaintiff identifies no intervening change in controlling law, previously unavailable evidence, or overlooked matter warranting reconsideration. Instead, Plaintiff primarily disagrees with the Court's conclusions regarding Sixt's conduct and judicial and prosecutorial immunity. *First*, Plaintiff argues that Sixt acted unreasonably by reporting the rental vehicle stolen because its online policy permitted late returns for an additional fee. Mot. at 1–2. However, the Court

considered Plaintiff's allegations concerning the late return and Sixt's warning that it would report the vehicle stolen and concluded that Plaintiff failed to state a plausible claim against Sixt. Order at 6–7. *Second*, Plaintiff challenges the Court's application of judicial and prosecutorial immunity, arguing that judicial officers and prosecutors should not be immune from liability for unlawful conduct. Mot. at 2–3. However, Plaintiff identifies no error in the Court's conclusion that the challenged conduct fell within protected judicial and prosecutorial functions. Order at 7; Mot. at 2–3. As explained above, Plaintiff's disagreement with the Court's conclusions does not warrant reconsideration. *See Bowers*, 130 F. Supp. 2d at 612.

Moreover, Plaintiff does not meaningfully address the Court's separate conclusions that his allegations failed to satisfy Rule 8 and that *Younger* abstention barred federal intervention in his ongoing state criminal proceedings. Order at 7–8. Because Plaintiff has not identified any proper ground for reconsideration and instead seeks to relitigate the Court's prior conclusions, reconsideration is unwarranted.

Finally, the Court's Order expressly permitted Plaintiff to file an amended complaint addressing the deficiencies identified in the Complaint. Order at 9–10. Plaintiff filed an amended complaint on April 16, 2026. Am. Compl. The Court will separately screen Plaintiff's Amended Complaint under § 1915(e)(2)(B).[3]

---

[3] The Court notes that its denial of Plaintiff's Motion does not determine whether the Amended Complaint cures the deficiencies identified in the Order.

## III. CONCLUSION AND ORDER

Accordingly,

**IT IS,** on this **16th** day of November, 2026,

**ORDERED** that Plaintiff's Motion for Reconsideration, D.E. 32, is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff by regular U.S. Mail; and it is finally

**ORDERED** that this matter shall remain **CLOSED**, pending the Court's separate consideration of Plaintiff's Amended Complaint, D.E. 33.

Evelyn Padin, U.S.D.J.